UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
AMENDED COMPLAINT
Case 15-549 N( 1 )
Section N Magistrate 1
Thomas L d'Aquin
Plaintiff

-vs-

Scott Norris
Defendant
John Fahrman
Defendant
Catherine Kahrs
Defendant
Brett Stoltz
Defendant
New York Life Secutities
Defendant
New York Long Term Care
Charmaine Goodman
New York Life
Mike  Higginbotham
New York Life Long Term Care
Chris Chau
New York Life Agency Standards
Defendant
New York Life Legal Department
John Fox
Zurich Insurance
Defendant
Bari Handwerger
Zurich Insurance
Defendant
Kevin  Welton
New York Life

*Amended* Complaint

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    FEB 25 2015

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA has jurisdiction in this because of the multiple locations of
the defendants and the fact that the Home Office of New York Life is New York but maintains
registered offices in New Orleans , La and the Eastern District of New Orleans

Parties

All parties marked or named as defendants worked together to fraudulently collect premiums
and will be listed as one because they have worked together .



Fee_____
Process_____
X  Dktd_____
CkRmDep_____
Doc. No._____

Mr. d'Aquin will be referred as Plaintiff throughout this complaint and all filings original and amended. We are amending the original complaint below to add Esther Kelly in the amended complaint Esther Kelly being part of the policy should be included in the complaint.

I

New York Life informed me that my payments on my were going to an unnamed  and never mentioned person  on the beneficiary page. They decided to change this because the person indicated on the beneficiary page was not a citizen , black and was only trying to kill me for the insurance. New York Life also did not follow the company supervisory procedures by not requiring information of the beneficiary . Thus, the beneficiary would have never been able to collect death benefits. The premiums were fraudulently acquired.

II

All premiums were scheduled to be returned at one or another but we're not because defendants stated because I sent letters they would return the funds.Thus, in violation of State and Federal Insurance Laws.

III

Violation of Civil Rights

AThe Civil Rights Act of 1964 enacted 18 U.S.C. § 245(b)(2), which permits federal prosecution of anyone who "willingly injures, intimidates or interferes with another person, or attempts to do so, by force because of the other person's race, color, religion or national origin" [1] because of the victim's attempt to engage in one of six types of federally protected activities, such as attending school, patronizing a public place/facility, applying for employment, acting as a juror in a state court or voting.

IV

New York Life Office under Scott Norris continues to punish by issuing checks that are incorrect and sometimes not collectible.these checks originate out of the New Orleans Office accounts.

V

All named litigations are being named defendants as individuals. We know that racist, discrimination and other biases are an individual thought and they bring with them to the job individual thoughts that this type of behaviour is wrong and does belong in the workplace. This is proven in Mr. Norris' remarks are if being with a black woman different and that Jews are just wrong because they do believe and worship in Jesus Christ.

VI

Plaintiff also seeks restitution for violation

US 3403 Financial Confidentiality Laws

Mr. Norris continues addresses financial issues in public and continues to inquire of financial matters that have not been subject to any government matter

VII

Plaintiff seeks restitution and damages for Civil Rights violations of the HIPAA Civil Rights Act Health of Insured and beneficiaries have been discussed and not held in privacy as the HIPAA states

VIII

Ms. Kelly was discriminated against by Scott Norris , et al. Ms. Kelly heard directly what the person , later identified as Mr. Fahrmann say about her , her immigration status and colour. Mr. Fahrmann also made numerous statements about where we meet and this sounded like Ms.Kelly was going to kill her for the proceeds.Mr. Fahrmann also stated that they had decided to make Mr.d'Aquin's son the beneficiary. This was heard with Mr. d'Aquin's co worker while he was going to meet us for lunch as we do New York Life has a copy of the times and calls. Ms Kelly also heard Mr. d'Aquin give Mr. Fahrmann his home address. Which in retaliation they fired him for not giving

Plaintiff seeks restitution and damages under the Immigrants Reform Initiative

IX

Immigrants are people who travel to the United States from another country and are undocumented or possess some form of temporary lawful status. They also include people who are U.S. Citizens but are treated as immigrants due to skin color, ethnic or racial background, accent, religious affiliation, place of residence, or due to family relation. All of these groups may be discriminated against, harassed, abused or exploited, or otherwise denied civil rights and other protections.

X

We have also added Mr. Bari Handwerger as a Defendant because he has influenced Ms.Kelly to to file a complaint against Mr. d'Aquin

XI

We charge that Ms. Kahrs and Mr. Welton proceeded in racist manner of an interracial couple. A Mr.Welton first sent a letter stating Mr. d'Aquin did not have the right of every Louisiana Citizen who buys an Insurance Policy under the Department of Insurance free look provision. Ms. Kahrs then sent letters confusing accounts and checks and purposely did reference the check that was NSF twice.Then Mr. Mr. Welton sent a racially motivate letter stating that Mr. d'Aquin was untruth . Actually, New York Life should have issued another check until they could prove otherwise.

XII

We referred to this to the Louisiana Department of Insurance Four Months Ago. The representative from what we could tell had already decided not to investigate.min dealing with the office if you are of colour you are treated differently and put aside. The examiner has lead us to believe that this is racial and from the past dealings with the office are discriminating because they have never contacted the witnesses .James Donelon the Louisiana Insurance Commissioner have his employees do their properly and is responsible individually because he knows racism is wrong .

XIII

We also present that Ms. Kelly's paragraph and the fact she witnessed what had transpired and is physically repulsed by this could in know have her as a Beneficiary and Mr. d'Aquins premium show have been returned and we would not be filing this petition. This is also leaving out the part of the racist defendants not allowing Ms. Kelly to be a beneficiary because of her race and immigration status.

Demand

Plaintiff is seeking return of all premiums in excess of Twenty Thousand Dollars and numerous fees due to the allegations of Beneficiary having issues of citizenship and all the pain and suffering of relationship that stopped for periods of time by each defendant

The pain and suffering of heartbreak because the above defendants decided that immigrants could not be afforded protections and are denied civil rights and other protections . We are also seeking all damages due to citizenship and to lost wages in the United Kingdom. We also with that information of Ms. Kelly's complicating the fact is the confuse me and the monies with an employee and we have summary with damages of 2 million dollars and we ask for immediate ruling in the Plaintiffs favor. We also seek an immediate in Plaintiffs favour because they have factual or witnesses to the proceedings, except Mr. Fahrmann was not trained by New York Life officially and cannot represent what he has to say

Option to amend to amend complaint as needed

Date 2/25/2016

Thomas L d'Aquin
7625 Hickory St
New Orleans, La
225-614-7100